United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30932
Summary Calendar

MABON CLARK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
Case No. 6:05-CV-1853

_____

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

While hospitalized at a Veterans Administration ("VA")
hospital in Alexandria, Louisiana, in 2001, Appellant Mabon Clark
alleges that he was negligently over-medicated and fell, causing
him permanent mental and physical impairment. Clark filed a
personal injury claim with the VA under the Federal Tort Claims Act
("FTCA"), on September 23, 2002. See 28 U.S.C. § 1346(b). The
VA's Regional Counsel denied the claim on March 10, 2004, and the
Office of General Counsel denied it on review. The VA General

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Counsel informed Clark in a notice dated February 16, 2005, that he could file suit in federal district court within the six-month statute of limitations. See 28 U.S.C. § 2401(b). That six-month period expired on August 16. Clark, however, did not file suit until October 25, more than two months late.

We find no support for Clark's argument that his untimely filed lawsuit is nonetheless preserved because the circumstances of the instant case merit equitable tolling. See Clymore v. United States, 217 F.3d 370 (5th Cir. 2000); Perez v. United States, 167 F.3d 913 (5th Cir. 1999). Clymore and Perez stand for the proposition that equitable tolling is available to plaintiffs who "actively pursued judicial remedies but filed a defective pleading." Clymore, 217 F.3d at 375 (quoting Perez, 167 F.3d at 917). Clark does not fall within this holding.

Moreover, Clark's asserted participation in ongoing settlement negotiations with the VA is irrelevant to the operation of equitable tolling because he has offered no evidence of misconduct on the part of the VA.[1] See Perez, 167 F.3d at 917 (equitable tolling appropriate when "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). Finally, although his counsel's untimely filing mistake was unfortunate, such mistakes do not

---

[1]In the district court, he argued that the chaos created by Hurricane Katrina justifies equitable tolling, but the storm made landfall thirteen days after the August 16 filing deadline elapsed.

2

equitably toll the FTCA's limitations period.  Clark's assertions of equitable estoppel and the doctrine of laches are likewise entirely inapplicable to this case.

The district court's judgment is **AFFIRMED**.